```
          IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                              *
ANDREW KLOPMAN
ET AL.,
                              *
     Plaintiffs

v.                            *    CIVIL NO.: WDQ-04-2529

ZURICH AMERICA INSURANCE
COMPANY OF ILLINOIS,          *

     Defendant.               *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

In this diversity action, Andrew Klopman[1] seeks a declaratory judgment that Zurich America Insurance Company of Illinois ("ZAICI")is obligated to defend and indemnify him in a lead paint suit. Pending is ZAICI's motion for summary judgment. For the following reasons, ZAICI's motion for summary judgment will be granted.

I.   BACKGROUND

On or about October 3, 2003, Klopman was sued for lead paint exposure by a tenant of his former Baltimore City property, located at 3719 Towanda Avenue (the "Property"). *See* Complaint at ¶2. Klopman alleged that ZAICI insured the

---

[1]Although the case was initiated by both Andrew and Gayle Klopman, neither party references Mrs. Klopman as a plaintiff in this action.

1

Property under a $300,000 policy.  *See id.* at ¶3.  On February 13, 2004, Klopman requested that ZAICI defend and indemnify him in the lead paint suit.  *See id.* at ¶4.  On March 17, ZAICI notified Klopman that it would neither defend nor indemnify him because the Property had not been insured.  *See id.*

On April 8, 1983, Klopman and his mother, Goldie Klopman[2] acquired the Property and by May 1984, they owned approximately 21 properties.  *See* Plain. Opp. Ex. 1.  Klopman contends that the ZAICI policy was destroyed in a basement flood. *See id.*  Although he does not have a copy of the policy, Klopman maintains that insurance was obtained by his insurance agent, Barton Keiser of Kesier & Keiser. *See id.*  As Klopman's agent, Keiser secured commercial property insurance for Klopman and his mother.  *See id.*  During this time, Keiser was an agent for several insurance companies, but not ZAICI.  *See* Plain. Opp. Ex. 2.

From 1978 through 1983, when ZAICI issued liability coverage for investment property, it issued a stand alone Owner, Landlord and Tenant liability policy form ("OL&T").  *See* Def. Mot. Summ. J. Ex.  5.  OL&T liability is a restrictive form of

---

[2]Goldie Klopman is now deceased.

2

coverage that provides liability coverage only, not first party property coverage[3]. *See id.* Only properties identified on the OL&T form are covered under the policy and a limit of liability is customarily stated on the declarations page. *See id.*

In issuing these policies, ZAICI used excess and surplus line brokers. *See id.* Although Keiser and Keiser was not such a broker, it frequently worked with excess and surplus line brokers such as All Risk Ltd., Joseph Waller and George F. Brown & Sons. *See* Plain. Opp. Ex. 2. Keiser, however, has no recollection of obtaining OLT insurance through an excess surplus broker. *See id.* Klopman and Keiser base their assertions that the Property was insured upon a declaration page that does not list the Property. *See* Plain. Opp. Exs. 2 and 3. ZAICI unsuccessfully searched for the alleged policy and a copy of the declarations page. *See* Def. Mot. Summ. J. Ex. 6.

On June 28, 2004, Klopman initiated this action.

## II. LEGAL DISCUSSION

---

[3]In the first-party context, the insurer promises to pay, money to the insured on the happening of an event, the risk of which has been insured against. In contrast, liability insurance obligates the insurer to pay judgments the insured becomes legally obligated to pay as damages because of bodily injury or property damage caused by the insured.

3

A.   Motion for Summary Judgment

    1. Standard of Review

Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.* at 248.  Thus, "the judge must ask ...  whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."  *Id.* at 252.

The court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Electric Industrial Company v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but the opponent must produce evidence upon which a reasonable fact finder could rely.  *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  A "scintilla" of evidence is not sufficient to preclude

4

summary judgment. *Anderson*, 477 U.S. at 252.

    2.   ZAICI's obligation to defend and indemnify Klopman

Ordinarily, the party seeking to enforce the defense and indemnification clause under an insurance policy must produce the original policy. FED. R. EVID. 1002 ("To prove the content of a writing, . . . the original writing . . . is required, except as otherwise provided in these rules or by Act of Congress."). If the original has been lost or destroyed, the terms of the policy may be proved by other evidence. FED. R. EVID. 1004(1). The trier of fact, determines whether the original existed and whether the other evidence accurately reflects its terms. FED. R. EVID. 1008. Initially, the court must determine whether there is sufficient evidence of good-faith loss or destruction, and whether the proponent has introduced prima facie proof of the existence and contents of the original. *Id.; see also* FED. R. EVID. 104(b).

Prima facie proof is evidence from which a reasonable fact finder could decide these issues in the proponent's favor, under the applicable burden of proof. In a diversity case, state law establishes that burden. *Aetna Cas. & Sur. Co. v. Wallace &*

5

*Gale Co.* (*In re Wallace & Gale Co.*), 275 B.R. 223, 242 (D. Md. 2002). Under Maryland law, the proponent of a lost document has the burden of proving its existence and terms by "clear and positive" evidence.[4]  *Barranco v. Kostens*, 189 Md. 94, 98, 54 A.2d 326 (1947).

Here, Klopman asserts that the policy was destroyed in a basement flood, and he was unable to locate a duplicate. Klopman admits that he has no recollection of ever seeing an insurance policy  and does not know whether Keiser informed ZAICI that he had acquired the Property. *See* Def. Mot. Summ. J. Ex. 1 at pp. 51, 57.  In support of his claim, Klopman, therefore, primarily relies upon a declaration page.  First, there are concerns about the declaration's reliability and authenticity.  The declarations page is partially illegible and its alleged producer, George F. Brown and Sons has not submitted any affidavit authenticating this document.  Second, the declaration lists three properties, none of which is at issue in this case.

---

[4] It is not certain whether this standard matches either the mere preponderance standard or the higher "clear and convincing" standard; it may fall somewhere in between. *See In re Wallace & Gale Co.*, 275 B.R. at 230 n.6. For the present, the Court assumes it is substantially more than a preponderance.

6

The declarations page provides that

> "Insurance is provided with respect to those premises described above and with respect to those coverages and kinds of properties for which a specific limit of liability is shown, subject to the terms of this policy including forms and endorsements made a part hereof."

*See* Def. Mot. Summ. J. Ex. 4.

In addition to the declarations page, Klopman also asserts that he obtained insurance because settlement of the Property would not have occurred without insurance and that Keiser always obtained insurance for him in the past. This evidence is also unavailing. Klopman has not supported his assertion that the settlement would not have occurred without proof of insurance. *See Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) ("unsupported speculation is not sufficient to defeat a summary judgment motion"). Klopman has also failed to establish Keiser's practice of procuring insurance for him from ZAICI. Klopman offered no evidence that Keiser had previously obtained insurance from ZAICI for his other properties. Moreover, Keiser does not remember which company actually insured Klopman's other properties. Although Keiser asserted that the Property was insured by ZAICI, his assertion was based solely upon the declarations page. *See* Plain. Opp. Ex. 2. Even in the light most favorable to the Plaintiff, he has not met his burden of

7

proof.  Accordingly, summary judgment is appropriate[5].

### III. CONCLUSION

For the reasons discussed above, ZAICI's motion for summary judgment will be granted, and ZAICI's motion to strike will be denied as moot.


June 7, 2005.                      _____/s/_____
Date                               William D. Quarles, Jr.
                                   United States District Judge

---

[5]ZAICI's motion to strike Plaintiffs' affidavits will be denied as moot.